**DE BLANC v. CAZALE et al.**

**No. 14255.**

Court of Appeal of Louisiana. Orleans.

Nov. 28, 1932.

E. E. Willis, of New Orleans, for appellants.

H. L. Midlo, of New Orleans, for appellee.

**JANVIER, J.**

Miss De Blanc, desiring to remodel and improve a dwelling house owned by her, employed defendant Cazale to advise her as to what should be done to best accomplish the desired result and also to undertake such work as might be necessary. Union Indemnity Company, the other defendant, was surety on the bond given in connection with the building contract which was entered into, and which contract contemplated, among other things, the painting of the exterior of the building, The specifications for this part of the work were set forth in the contract as follows: "The entire exterior to be scraped and where necessary old paint burned off, and then given two coats of paint; new work to receive three coats both metal and wood, using approved lead and oil paint with zinc."

After the entire work had been completed and payment made therefor in accordance with the contract, plaintiff, dissatisfied with the appearance of the paint work, complained to Cazale, who, however, refused to comply with the request for a correction of the alleged defects. Thereupon plaintiff instigated this litigation, which has, as its object, recovery of a sum sufficient to cover the estimated cost of refinishing such portions of the exterior of the building as are alleged to be necessary. Cazale, the contractor, and Union Indemnity Company, as surety, are made defendants.

In the trial court, judgment was rendered for plaintiff against both defendants, in solido. in the sum of $150.

■ In oral argument it was contended by counsel for plaintiff that, since Cazale had been both architectural adviser and contractor, it was not necessary, in order to hold him and his surety liable, to show whether the alleged defective condition of the paint work resulted from faulty specifications or from improper application of the paint; that, if the specifications did not require sufficient burning off of the old paint, or did not provide for a sufficient number of coats of the new paint, then the liability of the defendants would result from the failure of Cazale, as architectural adviser, to prepare proper specifications; whereas, if, in fact, the specifications were proper, but the work defective, then they should be held because of the failure of Cazale, as contractor, to properly carry out the provisions of the contract.

We find, however, that in the petition the entire complaint is aimed at the work itself, and it is in effect conceded therein that, had the specifications been fully carried out, the work would have been satisfactory. In view of this fact, the defendants should not be required to make proof as to the correctness of the specifications, since they were not put on notice that they were under attack, and recovery should depend entirely on whether or not the work was properly executed. Furthermore, so far as the Union Indemnity Company is concerned, it was surety solely on the building contract and in no way guaranteed the soundness or correctness of such architectural advice as Cazale might give.

It is contended that in certain places the old paint was not sufficiently burned off before the first coat of the new was applied, and that this produced a rough, uneven finish, and

it is also asserted that in some spots mildew has appeared, and that, in still another place, either only one coat of paint was applied, or, if two were applied they were so thin that they were partially transparent and made a dark unsightly finish.

Several expert painting contractors testified, and the consensus of opinion seems to be that there has been a reasonably substantial compliance with the specifications, though it is plainly the opinion of all of the experts that certain touching up or repainting would have been necessary to produce a really satisfactory result.

■ It is extremely difficult to determine from the record just how serious were the defects of which plaintiff complained, but we are well convinced that there were defects and that plaintiff did not receive the kind of work she had contemplated and to which, under the specifications, she was entitled. The judge of the trial court, by agreement of counsel, visited and inspected the work and thereafter rendered judgment for plaintiff as above stated.

No question of law is involved, and we have decided to affirm the judgment, which is certainly not plainly erroneous, but, on the contrary seems to do substantial justice.

The judgment appealed from is affirmed at the cost of appellants.

Affirmed.